IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LARRY J. BROWN,

                 Plaintiff,

v.

LINDSAY WALKER, TIM DETERS,
L. WOOD, M. NAVARRO, TRISHA
ANDERSON, C/O CHATMAN, C/O
GWEN SCHULTZ, C/O CICHANOWICZ,
and C/O LUCAS WEBER,

                 Defendants.

ORDER

18-cv-131-wmc

---

*Pro se* plaintiff Larry J. Brown filed this civil lawsuit pursuant to 42 U.S.C. § 1983, claiming that defendants denied him a recovery bed after surgery in July 2017 for a hiatal hernia in violation of his rights under the Eighth Amendment. Plaintiff also alleges that the denial of the bed was in retaliation of his earlier complaints about deliberate indifference to his chest and stomach pain.

This action is governed by the Prison Litigation Reform Act, which imposes certain conditions on the privilege of proceeding without paying the full filing fee up front. In particular, under the "three-strikes rule" set forth in 28 U.S.C. § 1915(g), if three or more of a prisoner's civil actions or appeals have already been dismissed while imprisoned as frivolous, malicious, or for failure to state a claim upon which relief may be granted, that prisoner is not allowed to bring a civil action in federal court without first paying the full filing fee. The sole exception to this rule is if the plaintiff's pleadings show that he is in imminent danger of serious physical injury.

On at least three occasions, Brown brought actions that were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Brown v. Johnson*, No. 94-cv-489 (W.D. Wis. July 1, 1994); *Brown v. Lang*, No. 95-cv-695 (W.D. Wis. Oct. 3, 1995); *Brown v. Husz*, No. 97-cv-129 (W.D. Wis. Feb. 28, 1997). Therefore, he cannot proceed *in forma pauperis* in this case unless the court concludes that his allegations show that he is in imminent danger of serious physical injury. To meet the imminent-danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)).

While plaintiff alleges that he suffered pain and discomfort based on defendants' denial of a recovery bed in late July and early August of 2017, plaintiff does not allege that he is still in need of the recovery bed, nor would such an inference be reasonable given that the filing of his complaint occurred some six months or more after his surgery. Because Brown has not shown that he is in imminent danger, he may not proceed with this action without prepayment of the full $400 filing fee under § 1915(g).

ORDER

IT IS ORDERED that:

1) Plaintiff Larry Brown's motion for leave to proceed (dkt. # 2) is DENIED pursuant to 28 U.S.C. § 1915(g). To proceed with his claims, Brown must submit the full filing fee of $400 by April 3, 2019. **If he fails to comply as**

**directed within the time allowed, this case will be dismissed without further notice pursuant to Federal Rule of Civil Procedure 41(b).**

2) Plaintiff's motion to stay (dkt. #6) is DENIED.

Entered this 14th day of March, 2019.

                      BY THE COURT:

                      /s/
                      _____
                      WILLIAM M. CONLEY
                      District Judge